Bernadette Prefontaine
vs. } No. 72729.
Frederick A. Dubbs, D. S.

June 14, 1930.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff for possession of automobile replevied by her.

This is an action of replevin instituted by plaintiff to recover a Stutz sedan automobile which she claimed to own and which the defendant had attached in a suit brought by General Motors Acceptance Corporation against Pamelia Caya in the District Court of the Twelfth Judicial District.

The plaintiff, who lives on a farm in Bellingham, Massachusetts, had loaned sums of money aggregating about $800 to Alexis and Pamelia Caya, also of Bellingham. She had received no security for the money at the times when the money was loaned. As a result of her requests for payment a bill of sale, dated January 4, 1927 and signed by Pamelia Caya, was given her transferring to her a Stutz sedan automobile. The car was driven to her home. On the following day plaintiff received a promissory note for $800 signed by Pamelia Caya and also entered into an agreement which appears to have been a conditional lease. This was signed by Pamelia Caya and by the plaintiff in this action. On the following day, January 6, Mr. Caya came to Mrs. Prefontaine's house and took the machine. It was later attached by the sheriff, was replevied by Mrs. Prefontaine and returned to Mr. Caya.

The contention of the defendant at the trial was that the bill of sale was one given for security; that the laws of Massachusetts, where the transaction took place, required that, as such, it be recorded; that it was not so recorded and therefore was not valid against a person other than the parties to the instrument.

At the trial Mrs. Prefontaine, and also the Cayas, testified that the automobile was given as an absolute payment of the debt owed to plaintiff, but there was also testimony that they had not so testified at a previous trial. It was admitted that the bill of sale had not been recorded. It was also in testimony that the Massachusetts authorities had been given no notice of a sale and that the insurance had not been transferred.

There was testimony that the Cayas were in debt and it appeared to the Court that all of the incidents surrounding the giving of the bill of sale, and the note and lease the following day, indicated clearly that there was no intention that the machine should become the absolute property of Mrs. Prefontaine but that the series of transactions was a mere subterfuge on the part of the Cayas to embarrass their creditors. The Court thinks the bill of sale was one given for security and should therefore have been recorded and as it was not so recorded it was not valid against the attaching creditor.

The verdict was against the fair preponderance of the testimony and defendant's motion for a new trial is therefore granted.

For plaintiff: Valmore M. Carrignan.
For defendant: Lee & McCanna.